## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No: 12-CV-00365-RBJ-KMT**

CHRISTINE M. VINCENT,

Plaintiff,

v.

VAIL HONEYWAGON,

Defendant.

---

## SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

The Scheduling Conference was held September 13, 2012 at 1:00 p.m.

| **Appearing for Plaintiff** | **Appearing for Defendant** |
|---|---|
| Christine Vincent, *Pro Se* | Michael C. Santo |
| 401 Sweetwater Road | Bechtel & Santo, LLP |
| Gypsum, CO 81637 | 205 North 4th Street, Suite 300 |
| | Grand Junction, CO  81501 |
| | (970) 683-5888 |
| | |
| | Attorney for Defendant, Vail Honeywagon |

Ms. Vincent appeared at the Scheduling Conference by telephone.  Mr. Santo attended the Scheduling Conference in person.

## 2. STATEMENT OF JURISDICTION

Jurisdiction is invoked pursuant to Title VII of the Civil Right Act of 1964, 42 U.S.C. §2000e-5. Venue is proper in this Court because the conduct complained of occurred within the State of Colorado. The U.S. District Court for the District of Colorado is the proper venue for this action pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1391(b).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.      Plaintiff(s):

I am suing for Hostile Work Environment based on the following: I was subjected to profound language, on a weekly basis, from chairs being thrown, screaming into my face, name calling, verbal threats. An opportunity for an advance came up and a male was hired at a higher pay than myself, and I was required to train. When I asked Matt Donovan, owner of the company, why I was not given this position he answered " I did not have the schooling that Thad had", even though schooling and a degree was not required for this position.

I am suing for Sexual Harassment based on the following: I was subjected to inappropriate grabbing and touching of my body, breasts, by former owner of company, John Donovan, father of Matt Donovan, previous owner. John Donovan was still working for Vail Honeywagon on a weekly basic and therefore was in the office of Vail Honeywagon after Matt Donovan purchased the company from family. On more than one occasion was subjected to sexual innuendos. After going to management numerous times, endless promises were made to do something about this Harassment and nothing was ever done by owner, Matt Donovan, or Byron Harrington. After many failed attempts for reaching out for help, I felt I had no other options but to resign my position.

In addition to my original filing, I would like it noted that the EEOC found Vail Honeywagon in violation on all 4 counts in this lawsuit after their investigation.

b.      Defendant: Initially, Vail Honeywagon states that Vincent failed to file her lawsuit within the applicable statute of limitations, and therefore it should be dismissed by the Court. *See* Defendant Vail Honeywagon's Motion to Dismiss (Doc 13) and Reply to Defendant Vail Honeywagon's Motion to Dismiss (Doc 17).

In addition, Vail Honeywagon denies that it or any of its employees subjected Vincent to a hostile work environment in violation of Title VII. Furthermore, Vail Honeywagon denies that it unlawfully discriminated against Vincent on the basis of sex regarding any employment issue, including, but not limited to promotions or pay. Vail Honeywagon denies that it or any of its employees engaged in the conduct as alleged by Vincent, and to the extent it did occur, Vail Honeywagon states that the conduct was not unwelcomed by Vincent.

Vail Honeywagon also states that Vincent voluntarily resigned her employment with Vail Honeywagon; she was not constructively discharged and, in fact, sought reemployment after she voluntarily resigned. Moreover, Vincent has not pled a constructive discharge cause of action in her March 26, 2012 Complaint and, therefore, any assertion with respect to a constructive discharge claim is meritless.

Likewise, Vincent also has not alleged a cause of action based on the Equal Pay Act in her March 26, 2012 Complaint, so any allegation related specifically to an EPA claim is not pled in relation to her Complaint.

Additionally, Vail Honeywagon incorporates its Affirmative Defenses filed with its Answer into this Section.

Finally, Vail Honeywagon states that the EEOC did not find probable cause on all charges alleged by Vincent. And Vail Honeywagon asserts that the EEOC's Determination is irrelevant to Vincent's Complaint because the Determination was made under a different standard of review that is not applicable in this lawsuit. Therefore, Vail Honeywagon states that the EEOC's Determination is inadmissible evidence in this matter. *See Johnson v. Yellow Freight System, Inc.*, 734 F.2d 1304 (8th Cir. 1984).

      c.      Other Parties: Not applicable.

## 4. UNDISPUTED FACTS.

The following facts are undisputed:

1.      Vincent started working for Vail Honeywagon in September 2004.

2.      Vincent's last day of employment with Vail Honeywagon was on October 24, 2008.

3.      Vail Honeywagon is an employer within the meaning of Title VII.

4.      Vincent filed a Charge of Discrimination with the Equal Employment Opportunity Commission on June 8, 2009.

5.      Vincent received from the Equal Employment Opportunity Commission a Notice of Right to Sue on September 29, 2011.

## 5. COMPUTATION OF DAMAGES

**Plaintiff.**

| | |
|---|---|
| Hostile work environment (back pay & insurance) | $101,435.00 |
| Front pay | $ 331,483.00 |
| Sexual Harassment | $ 100,000.00 |
| Total Claim | $ 532,919.00 |

**Defendant.** Vail Honeywagon requests judgment in this matter as follows:

a.  That Vincent take nothing by virtue of this action;

b.  That judgment be entered in favor of Vail Honeywagon and against Vincent and that

the action be dismissed with prejudice.

c.  For Vaily Honeywagon's costs of suit and attorneys' fees incurred herein; and

d.  For such other and further relief as the Court deems proper.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a.  Date of Rule 26(f) meeting.  September 5, 2012.

b.  Names of each participant and party he/she represented.

    1.  <u>Plaintiff.</u> Ms. Vincent, *pro se,* represented herself.

    2.  <u>Defendant.</u> Michael C. Santo represented Vail Honeywagon.

c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made. Defendant will submit its initial disclosures prior to the Scheduling Conference on September 13, 2012. Plaintiff indicated that she needed until September 20, 2012 to submit her initial disclosures.

d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R.Civ. P. 26(a)(1). *See* Section 6.c..

e.  Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement:  There is no agreement, at this time, to conduct any informal discovery.

f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.  The parties have not

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.  The parties propose 25 requests for production and 25 requests for admissions.

d.      Other Planning or Discovery Orders.  None at this time.

## 9.  CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:  October 29, 2012.

b.      Discovery Cut-off:  May 3, 2013.

c.      Dispositive Motion Deadline:  June 15, 2013.

d.      Expert Witness Disclosure

(1)     Anticipated fields of expert testimony, if any:

Plaintiff:  Plaintiff does not anticipate retaining any experts.

Defendant:  Defendant does not anticipate retaining any experts.

(2)     State any limitations proposed on the use or number of expert witnesses: Two (2) experts per party.

(3)     The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: January 4, 2013.

(4)     The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: February 5, 2013.