IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–00365–RBJ–KMT

CHRISTINE M. VINCENT,

    Plaintiff,

v.

VAIL HONEYWAGON,

    Defendant.

___

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on "Defendant Vail Honeywagon's Motion to Dismiss" (Doc. No. 13 [Mot.], filed July 10, 2012). Plaintiff filed her response on October 1, 2012 (Doc. No. 25 [Resp.]), and Defendant filed its reply on October 24, 2012 (Doc. No. 28 [Reply]). The motion is ripe for review and recommendation.

### FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Title VII Complaint filed March 27, 2012. (Doc. No. 6 [Compl.].) Plaintiff asserts claims that the defendant discriminated against her. Specifically, Plaintiff alleges she was subjected to a hostile work environment, she was denied opportunities to advance, and she was sexually harassed. (*See id.*)

## LEGAL STANDARDS

*A.*     **Pro Se** *Plaintiff*

At the time Plaintiff filed her Complaint, she was proceeding *pro se*.[1] The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

---

[1] Plaintiff since has retained counsel, who filed the response to the motion to dismiss.

B.     *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 68-81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 678.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

## ANALYSIS

Plaintiff avers in her Complaint that she received from the EEOC or other appropriate agency a Notice of Right to Sue on September 29, 2011. (Compl, ¶ 8.) Plaintiff's original complaint in this Court was not filed until 134 days later on February 10, 2012. (Doc. No. 1.) Defendant argues that Plaintiff's Title VII claims should be dismissed as time-barred because they were filed 134 days after Plaintiff received her Notice of Right to Sue from the EEOC. (*See* Mot.) "A plaintiff asserting a claim under . . . Title VII must file suit within 90 days after receiving a right-to-sue letter from the EEOC." *Robinson v. Dean Foods Co.*, No. 08-cv-01186-REB-CBS, 2009 WL 723329, at *2 (D. Colo. Mar. 18, 2009) (citing 42 U.S.C. § 2000e-5(f)(1). "The ninety-day time limit is strictly administered." *Saldana v. Atlas Pac. Eng'g Co.*, No. 08-

cv-01815-REB-KMT, 2009 WL 1965492, at *4 (D. Colo. July 8, 2009). Therefore, Defendant correctly assert that Plaintiff filed her Complaint outside of such 90-day statute of limitations.

Plaintiff admits she filed her initial complaint in this Court 134 days after receiving the Right to Sue letter. (Resp. at 3.) However, Plaintiff argues that her complaint should be deemed timely filed under the doctrine of equitable tolling. (*Id.* at 3–7.) While it is not a jurisdictional prerequisite to filing suit in federal district court, the ninety-day filing requirement "is a condition precedent to suit that functions like a statute of limitations," and is subject to waiver, estoppel and equitable tolling. *Million v. Frank*, 47 F.3d 385, 389 (10th Cir.1995); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990). "Courts have narrowly construed equitable exceptions to the time limitations set out in Title VII." *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996). For example:

> The Tenth Circuit has generally recognized equitable tolling of Title VII time limitations only if the circumstances of the case rise to the level of active deception which might invoke the powers of equity to toll the limitations period. For instance, equitable tolling may be appropriate where a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts. Likewise, if a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights, we will permit tolling of the limitations period.

*Id.* at 1267-68 (internal quotations and citations omitted). While the Supreme Court has allowed equitable tolling in situations where the claimant has actively pursued judicial remedies by filing a defective pleading during the statutory period, it has also determined that principles of equitable tolling do not extend to "garden variety" claims of excusable neglect. *Irwin*, 498 U.S. at 96. Thus, unintentional misdirection by an agency or court, or a misunderstanding of the law,

will not suffice to apply equitable tolling of a Title VII statute of limitations. *See Montoya v. Chao*, 296 F.3d 952, 958 (10th Cir. 2002).

Plaintiff states that after she received the Right to Sue letter, she went to the Eagle County District Court to request an appropriate form to file her case. (Resp. at 1.) She states that the Eagle County clerk provided Plaintiff with a "Motion" form and a Summons with a case number.[2] (*Id.*) Plaintiff completed the motion form and summons and filed them in Eagle County District Court on December 27, 2011, eighty-nine days after Plaintiff received the Right to Sue letter.[3] (*Id.*; *see* Exs. B at 1, C at 1.) On December 28, 2011, the Eagle County District Court issued an order denying the motion, advising Plaintiff that there was no complaint filed in the Eagle County District Court, and that a summons must be issued and a complaint filed and served in accordance with the Colorado Rules of Civil Procedure.[4] (Mot. at 2.) Plaintiff did not attempt immediately either to re-file a complaint in Eagle County District Court or to file a complaint in federal court. Rather, Plaintiff waited another forty-four days before filing her

---

[2] It seems unlikely the state court clerk would have provided the plaintiff with only a motion form along with a summons form without also providing a complaint form.

[3] At any stage of the proceedings the court may take judicial notice of a fact which is not subject to reasonable dispute, a requirement that is satisfied if the fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment . . . . This allows the court to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (citations omitted). Here, the court takes judicial notice of the Eagle County District Court records attached to the response.

[4] Plaintiff has not attached this order to her response.

initial complaint in this Court.  (*See* Doc. No. 1.)  Plaintiff now states that she "was not aware that her filing would not serve to toll the period."  (Resp. at 2.)

The allegations that when Plaintiff received the incorrect form when she requested documents to file her lawsuit in state court and that she ultimately filed a motion rather than a complaint in Eagle County District Court do no constitute "active deception" or misleading conduct as required by the Tenth Circuit.  Plaintiff has failed to allege "some affirmative conduct which is objectively misleading."  *Foutty v. Equifax Servs., Inc.*, 762 F. Supp. 295, 298 (D. Kan. 1991).  Plaintiff does not allege that the court clerk advised her that she had additional time to file a pleading.  *See Carlile v. South Routt School District RE 3-J*, 652 F.2d 981, 986 (10th Cir. 1981) (plaintiff entitled to equitably toll Title VII's 90-day limitations period for filing a suit because district court order misled plaintiff into a late filing); *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 858–59 (10th Cir. 1983) (plaintiff allowed to toll Title VII's 180–day limitations period for filing charge with the EEOC because the letter from the court clerk misled plaintiff into filing late).  Rather, the conduct by the Eagle County District Court clerk was "unintentional misdirection."  *See Montoya*, 296 F.3d at 958.  Moreover, to the extent Plaintiff "was not aware that her filing would not serve to toll the period" (Resp. at 2), the court finds this misunderstanding of the law does not suffice to apply equitable tolling.  *See id.*

To the extent Plaintiff attempts to argue she is entitled to equitable tolling because she filed a "defective pleading" in Eagle County District Court, this argument also fails.  (*See* Resp. at 4 [citing *Irwin*, 498 U.S. at 96.].)  The definition of a "pleading" in Fed. R. Civ.P. 7(a) is limited to one of seven specific documents, including a complaint, an answer to a complaint, an

7

answer to a counterclaim designated as a counterclaim, an answer to a crossclaim. a third-party complaint, an answer to a third-party complaint, and, if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a).  It is undisputed that Plaintiff did not file a complaint or other pleading in Eagle County District Court.  The twin purposes of a complaint are to give the opposing parties fair notice of the bases for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Plaintiffs are entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Plaintiff's motion requested a hearing but did not comply with Rule 8.

In *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149 (1984), the Supreme Court addressed a case factually similar to this case.  In that case, the plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on November 6, 1979, alleging discriminatory treatment by her former employer.  *Brown*, 466 U.S. at 148.  The EEOC issued a Notice of Right to Sue on January 27, 1981.  *Id.*  The plaintiff mailed the Notice of Right to Sue that she received from the EEOC to the federal court, where it was received on March 17, 1981, prior to the expiration of the 90-day deadline.  *Id.*  Then, on June 9, 1981, 130 days after she received the right to sue letter, the plaintiff filed an amended complaint.  *Id.*  The Supreme Court dismissed the plaintiff's case because the it determined the plaintiff failed to file a complaint that met the requirements of Fed. R. Civ. P. 3 and 8 within 90 days.  *Id.* at 149.  *See*

*also Antoine v. U.S. Postal Service*, 781 F.2d 433, 436 (5th Cir. 1986) ("... the central thrust of the Supreme Court's decision in *Brown* is that the filings, whatever their composition, must meet the requirements of Rules 3 and 8 of the Federal Rules of Civil Procedure."). The Supreme Court further cautioned other courts from overlooking procedural requirements out of sympathy for a plaintiff:

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980), "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

*Brown*, 466 U.S. at 151. Here, just as in *Brown*, Plaintiff's filing in Eagle County District Court cannot be construed as a "defective pleading" for the purposes of tolling the statute of limitations.[5]

Finally, to the extent Plaintiff argues that Defendant's conduct misled her, this argument also fails. Plaintiff asserts that when Defendants' counsel was served with Plaintiff's motion filed in Eagle County District Court, he stated he would be filing a Notice of Removal to federal court. (Resp. at 2.) After Defendant received the Eagle County District Court order denying the motion, Defendant's counsel state he "considered the case closed." (*Id.*) There is nothing about

---

[5]The court also notes that on February 27, 2012, Magistrate Judge Boyd Boland ruled that Plaintiff's initial Complaint filed on February 10, 2012, did not "comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure" and ordered Plaintiff to file an amended complaint. (*See* Doc. No. 5.) Plaintiff's initial complaint in this matter contained more information than her motion filed in Eagle County District Court.

these alleged statements that could be construed as attempts by Defendant's counsel to actively mislead the plaintiff or lull her into inaction in this matter. *Biester*, 77 F.3d at 1267.

Therefore, because the Plaintiff filed this civil action more than ninety days after she received the EEOC's final action notice, this Court is barred from considering it. *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997).

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendant Vail Honeywagon's Motion to Dismiss" (Doc. No. 13) be **GRANTED**. The court further

**RECOMMENDS** that the District Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this recommendation would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). Thereafter, if Plaintiff files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days of the court's final order in accordance with Fed. R. App. P. 24.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 11th day of February, 2013.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge

12